UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALWIN GERALD MORGAN | § | Bankruptcy Case 19-30004 |
| | § | |
| | § | |

# DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

## ARTICLE I

## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of ALWIN GERALD MORGAN (the "Debtor") from the sales proceeds from the sale of the Austin property, the sales proceeds from the sale of the Bellville property, and future income. This Plan provides for classes of secured creditors, priority creditors, and unsecured creditors. This Plan also provides for the payment of administrative claims. All creditors should refer to the provisions of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

1.   *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan unless a particular claimant agrees to a different treatment. The following sets out the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

**Margaret M. McClure** – Ms. McClure holds a retainer balance in the amount of $18,578.00 and estimates fees and expenses in the amount of $110,000. She will file a fee application once the plan is confirmed and will be paid as an administrative creditor in full on the effective date of the plan from the sale of the Austin property, the Bellville property and future income, if necessary.

**Byron Keeling –** The court has approved Mr. Keeling's fee application in the amount of $79,639.12 and he will be paid as an administrative creditor in full on the effective date of the plan from the sale of the Austin property, the Bellville property and future income, if necessary.

**Liza Greene –** Ms. Greene of the Laura Dale & Associates, P.C. has filed a fee application and is owed $7,434.63. She will be paid as an administrative creditor in full on the effective date of the plan from the sale of the Austin property, the Bellville property and future income, if necessary

**U.S. Trustee** – fees are current and will stay current until this case is closed.

**Internal Revenue Service –** The IRS has filed an administrative claim and is owed $30,070.28 for 2019 income taxes and will be paid as an administrative creditor in full on the effective date of the plan from the sale of the Austin property, the Bellville property and future income, if necessary.

2.   *Priority Unsecured Tax Claims*

**Class 2(a) – Priority Unsecured Tax Claims**

**Comptroller of Public Accounts –** This creditor is owed $22,676.79 as a priority unsecured tax claim. This creditor will be paid in full as a priority unsecured tax creditor from the sale of the Austin property, the Bellville property and future income, if necessary. The monthly payment for the shortage will be approximately **$600.00** and the first monthly payment will be due and owing on May 15, 2022.

In the event that the sale of the Austin and Bellville residences do not generate sufficient proceeds to pay the priority claim of the Texas Comptroller of Public Accounts (the "**Comptroller**") in full on or before the Effective Date of the Plan, the Debtor shall pay the remainder of the Comptroller's priority claim either in equal monthly installments commencing on May 15, 2022 over a period ending not later than sixty (60) months from the petition date or as otherwise agreed to by the Comptroller. The Comptroller's priority tax claim shall accrue interest at 4.25% per annum from the Effective Date until paid in full.

Notwithstanding anything to the contrary in this Plan or the Confirmation Order, as to the Texas Comptroller of Public Accounts and the Texas Workforce Commission (collectively the "**State of Texas**"), nothing in this Plan or the Confirmation Order shall: (1) affect or impair any setoff or recoupment rights of the State of Texas under applicable bankruptcy and nonbankruptcy law and all such rights are preserved; (2) affect or impair any rights of the State of Texas to pursue any non-debtor third parties for tax debts or claims; (3) modify, to the extent that interest is payable as to any claim of the State of Texas, the statutory interest rate under applicable nonbankruptcy law; and (4) be construed as a compromise or settlement of any liability, claim, cause of action suit, right, or interest of the State of Texas.

<u>Notwithstanding anything to the contrary in this Plan or the Confirmation Order, as to the Texas Comptroller of Public Accounts, nothing in this Plan or the Confirmation Order shall effectuate a discharge of gap interest that accrues on nondischargeable debts from the petition date to the effective date.</u>

**Internal Revenue Service** – This creditor is owed $398.128.01 <u>on</u> a priority unsecured tax claim. This creditor will be paid in full as a priority creditor from the sale of the Austin property, the Bellville property and future income, if necessary. The monthly payment for the shortage will be approximately **$4,000.00** and the first monthly payment will be due and owing on May 15, 2022.

**Class 2(a) is impaired**

**Class 2(b) – Priority Unsecured Tax Claims Convenience Class**

**Texas Workforce Commission** – This creditor is owed $753.32 <u>on</u> a priority tax claim. This creditor will be paid in full on the Effective Date of the Plan from the sale of the Austin property, the Bellville property and future income, if necessary.

**Class 2(b) is impaired**

3. *Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim the deficiency will be classified as a general unsecured claim. The following shows all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan:

**Class 3(a) – Austin Property Mortgage**

**Rama NPL I, LLC** - This creditor's total payoff claim including principal, interest and expenses is $2,864,883.18 for the mortgage on the Austin property. <u>On January 26, 2022, this creditor was paid $2,716,821.66 from the Registry of the Court. It filed a motion on January 28, 2022 asking that its expenses in the approximate amount of $162,339.18 be approved by the Court</u>.

**Class 3(a) is impaired**

**Class 3(b) – Motor Vehicle Loan**

**Hillcrest Bank, a division of NBH Bank** - This creditor is owed a secured claim in the amount of $30,882.51 as of the petition date for the purchase of a 2015 BMW. The Debtor will continue making payments on this debt pursuant to the contract terms, <u>and within a reasonable period of time, Hillcrest Bank will transfer clear title to the Debtor when the debt is paid in full.</u>

**Class 3(b) is not impaired**

**Class 3(c) – Homeowners Association**

**Section I Monticello Homeowners Association, Inc. and its Manager, Goodwin & Company**
These creditors are owed secured claims related to the Austin property. The homeowners' association is owed $7,790.00 and its manager is owed $275.00. They both will be paid from the sale of the Austin property, the Bellville property or from future income, if necessary.

**Class 4 – General Unsecured Creditors**

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

There are approximately $3,000,000.00 in what the Debtor believes are or should be general unsecured claims. The allowed general unsecured creditors will be paid their pro rata share of $3,333.00 each month for sixty (60) months, with the first payment due and payable on June 15, 2022.

**Class 4 is impaired**

## ARTICLE III

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

<u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

<u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

<u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

<u>Claim Objections.</u> The Debtor shall have 60 days from the Effective Date of the Plan to file objections to claims.

<u>Vesting of Property</u> On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in Reorganized Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7, all property vested in Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

Default – Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law. In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtor to make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments if the payment is not cured within thirty (30) days after a creditor mails a written notice of default of the debt owed to it to the Reorganized Debtor. The creditor must mail the 30-day notice to cure to the last known address of the Reorganized Debtor. The Reorganized Debtor will inform each creditor of any new address for mailing notices. If the Reorganized Debtor does not cure the delinquency within the 30-day cure period, then and only then will the creditor be allowed to exercise any and all rights and remedies under applicable non-bankruptcy law to collect such claims or seek such relief as may be appropriate in the United States Bankruptcy Court.

## ARTICLE IV

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Assumed Executory Contracts and Unexpired Leases.

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "effective date of this Plan:" The contract on the 2015 BMW.  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of theorder confirming this Plan, upon the "effective date of this Plan." A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan of Reorganization will be funded by the Reorganized Debtor from the sales proceeds from the Austin and Bellville properties and future income.

## ARTICLE VI

## GENERAL PROVISIONS

Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

Effective Date of Plan. The effective date of this Plan will be seven (7) days after confirmation of this or a subsequent amended plan of reorganization.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Disputed Claims.  All claims that were listed in the schedules as "disputed" required the filing of a proof of claim. If no proof of claim was timely filed, the claimant will not be paid under this Plan of Reorganization.

Late-Filed Claims. Any late-filed claims shall not be allowed claims, and shall not be paid under this Plan of Reorganization.

## ARTICLE VII

## **DISCHARGE**

Unless the court orders otherwise for cause, confirmation of the Plan does not discharge any debt of Mr. Morgan provided for in the plan until the court grants a discharge on completion of all payments of the plan. At any time after the confirmation of the Plan, and after notice and hearing, the court may grant a discharge to a Debtor who has not completed payments under the Plan if (1) the value, as of the Effective Date of the Plan, of property actually distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the Debtor had been liquidated under Chapter 7 on such date; and (ii) modification of the plan under Section 1127 is not practicable; and unless the court finds that there is no reasonable cause to believe that (i) section 522(q)(l) may be applicable to the Debtor; and (ii) there is pending any proceeding in which the Debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(l)(B).

Dated January 29, 2022

/s/ Margaret M. McClure

_____

Margaret M. McClure, Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served electronically or by U.S. mail on all parties in interest on the attached matrix on the 29th day of January, 2022.

/s/ Margaret M. McClure

_____

Margaret M. McClure

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-4<br>Case 19-30004<br>Southern District of Texas<br>Houston<br>Tue Jan 18 11:23:39 CST 2022 | (p)ATLAS ACQUISITIONS LCC<br>492C CEDAR LANE SUITE 442<br>TEANECK NJ 07666-1713 | JPMorgan Chase Bank, National Association<br>c/o BDFTE, LLP<br>4004 Belt Line Rd Ste. 100<br>Addison, TX 75001-4320 |
| RAMA NPL1, LLC<br>c/o Law Offices of Damian G. Waldman PA<br>P O Box 5162<br>Largo, FL 33779-5162 | Texas Comptroller of Public Accounts<br>Jason Starks<br>c/o Sherri K. Simpson, Paralegal<br>P.O. Box 12548<br>Austin, TX 78711-2548 | Texas Comptroller of Public Accounts, Revenu<br>Christopher J. Dylla<br>PO Box 12548<br>Austin, TX 78711-2548 |
| The Rama Fund, LLC<br>c/o Law Offices of Damian G Waldman PA<br>P O Box 5162<br>Largo, FL 33779-5162 | 4<br>United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 | 1st Global Capital<br>1250 E. Hallandale Beach Blvd., #40<br>Hallandale Beach, FL 33009-4634 |
| 1st Global Capital<br>1250 E. Hallandale Beach Blvd., #60<br>Hallandale, FL 33009-4634 | A+ Federal Credit Union<br>PO Box 14867<br>Austin, TX 78761-4867 | Alwin Gerald Morgan<br>426 Warner Road<br>Bellville, TX 77418-3970 |
| American Express<br>P.O. Box 650448<br>Dallas, TX 75265-0448 | American Express (Leslie Sun)<br>1 Chisholm Trail<br>Round Rock, TX 78681-5008 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 |
| American Express National Bank, AENB<br>c/o Zwicker and Associates, P.C.<br>Attorneys/Agents for Creditor<br>P.O. 9043<br>Andover, MA 01810-0943 | Aplus FCU<br>6420 East US 290 Service Road<br>Austin, TX 78723 | Arhaus<br>P.O. Box 659704<br>San Antonio, TX 78265-9704 |
| Assigned Credit Solutions<br>ACS<br>P.O. Box 22<br>Beverly NJ 08010-0022 | BEN BRIDGE JEWELERS<br>C/O Merchants Credit Solutions<br>PO Box 3664<br>Tustin, CA 92781-3664 | Barclays Bank<br>P.O. Box 60517<br>City of Industry, CA 91716-0517 |
| Barclays Bank<br>P.O. Box 8801<br>Wilmington, DE 19899-8801 | Barclays Bank<br>c/o Portfolio Recovery Associates<br>P.O. Box 12914<br>Norfolk, VA 23541-0914 | Bellville St. Joseph Health Center<br>P.O. Box 977<br>Bellville, TX 77418-0977 |
| Ben Bridge<br>P.O. Box 1908<br>Seattle, WA 98111-1908 | CTH Partners, LLLP (H. Barcus)<br>1211 19th Street<br>Hunsville, TX 77340-5171 | CTH Partners, LLP<br>790 W. Sam Houston Pkwy North<br>Houston, TX 77024-4546 |
| Capital One<br>P.O. Box 60599<br>City of Industry, CA 91716-0599 | Capital One<br>c/o Rausch Sturm<br>15660 North Dallas Pkwy., Suite 350<br>Dallas, TX 75248-3344 | (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 |

| | | |
|---|---|---|
| Chase Bank<br>c/o Nationwide Credit, Inc.<br>P.O. Box 14581<br>Des Moines, IA 50306-3581 | (p)CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 | Citi Bank<br>c/o Rausch Sturm<br>15660 North Dallas Pkwy., Suite 350<br>Dallas, TX 75248-3344 |
| Comptroller of Public Accounts<br>C/O Office of the Attorney General<br>Bankruptcy - Collections Division MC-008<br>PO Box 12548<br>Austin TX  78711-2548 | Cook Legal Group<br>790 W. Sam Houston Pkwy North<br>Houston, TX 77024-4546 | Cook Legal Group, LLLP (H. Barcus)<br>1211 19th Street<br>Hunsville, TX 77340-5171 |
| Cook Legal Group, LLP<br>1211 19th Street<br>Huntsville, Texas 77340-5171 | Discover<br>P.O. Box 790213<br>St. Louis, MO 63179-0213 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany OH 43054-3025 |
| Everest Bus. Funding/Atlas Acquisitions,<br>2001 NW 107th Avenue, Suite 300<br>Miami, FL 33172-2514 | Everest Bus. Funding/Atlas Acquisitions,<br>294 Union Street<br>Hackensack, NJ 07601-4303 | Hillcrest Bank<br>12117 Bee Caves Road, # 100<br>Austin, TX 78738-5407 |
| Hillcrest Bank, a division of NBH Bank<br>c/o Deborah Deitsch-Perez<br>Stinson Leonard Street LLP<br>3102 Oak Lawn Avenue Ste 777<br>Dallas TX 75219-4259 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Internal Revenue Service<br>c/o U.S. Attorney<br>1000 Louisiana Street, Suite 2300<br>Houston, TX 77002-5010 | Keyla B. Turro<br>c/o Sprouse Law Firm<br>901 Mopac Expressway So, Bldg 1, Ste 300<br>Austin, TX 78746-5776 | Kimberly Morgan<br>2148 Hillview Road<br>Bellville, TX 77418-4382 |
| On Deck Capital, Inc.<br>101 West Colfax Ave., 10th Floor<br>Denver, CO 80202-5167 | OnDeck Capital, Inc.<br>901 North Stuart Street, Suite 700<br>Arlington, VA 22203-4129 | OnDeck Capital, Inc.<br>c/o Federated Law Group PLLC<br>837 Donald Ross Road<br>Juno Beach, FL 33408-1605 |
| Pearl Capital<br>100 William Street<br>New York, NY 10038-4508 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| Rama Capital Partners, LLC/Athas<br>27001 Agoura Road, Suite 200<br>Calabasas, CA 91301-5357 | Rama Capital Partners, LLC/Athas<br>c/o FCI Lender Services, Inc.<br>P.O. Box 27370<br>Anaheim, CA 92809-0112 | Rama NPL I, LLC<br>c/o Law Offices of Damian G Waldman PA<br>P O Box 5162<br>Largo, Florida   33778q 33779-5162 |
| Regions Bank<br>3017 West 7th Street, #410<br>Fort Worth, TX 76107-2223 | Regions Bank<br>P.O. Box 10063<br>Birmingham, AL 35202-0063 | Regions Bank<br>c/o Andrew Edson, Esq.<br>Clark Hill Strasburger<br>901 Main Street, Suite 6000<br>Dallas, Texas 75202-3748 |

| | | |
|---|---|---|
| Regions Bank<br>c/o Strasburger - Tate Hemington<br>901 Main Street, Suite 6000<br>Dallas, TX 75202-3748 | Regions Credit Card<br>215 Forrest Street<br>Hattiesburg, MI 39401-3476 | Regions Credit Card<br>P.O. Box 15710<br>Wilmington, DE 19886-5710 |
| Regions Credit Card<br>c/o FMA Alliance, Ltd.<br>P.O. Box 2409<br>Houston, TX 77252-2409 | Star Furniture<br>PO Box 219169<br>Houston, TX 77218-9169 | State of Louisiana, Dept. of Revenue<br>P.O. Box 1231<br>Baton Rouge, LA 70821-1231 |
| State of Louisiana, Dept. of Revenue<br>P.O. Box 91017<br>Baton Rouge, LA 70821-9017 | State of Louisiana, Dept. of Revenue<br>P.O. Box 94050<br>Baton Rouge, LA 70804-9050 | TCO<br>15 Sylvan Way<br>Parsippany, NJ 07054-3800 |
| TCO<br>c/o Assigned Credit Solutions, Inc.<br>P.O. Box 22<br>Beverly, NJ 08010-0022 | Texas Comptroller of Public Accounts<br>111 E. 17th Street<br>Austin, Texas 78774-0100 | Texas Workforce Commission<br>101 E. 15th Street, Room 556<br>Austin, TX 78778-0001 |
| Texas Workforce Commission<br>P.O. Box 149037<br>Austin, TX 78714-9037 | Texas Workforce Commission (Ofc of AG)<br>P.O. Box 12548<br>Austin, Texas 78711-2548 | The Gorthey Law Firm<br>604 West 12th Street<br>Austin, TX 78701-1718 |
| The Rama Fund LLC<br>c/o DWaldman Law PA<br>3418 Highway 6 South, Ste. B#345<br>Houston, Texas 77082-4205 | Twelve Bar Holdings, LLC<br>208 Belgian Bend<br>Cedar Park, TX 78613-7749 | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 |
| c/o Sprouse Law Firm<br>Attn: Marvin Sprouse<br>901 Mopac Expressway South<br>Building 1, Suite 300<br>Austin, Texas 78746-5776 | Alan S. Gerger<br>THE GERGER LAW FIRM, PLLC<br>2211 NORFOLK STR.<br>STE.517<br>Houston, TX 77098-4051 | Alwin Gerald Morgan<br>604 Logans Lane<br>Austin, TX 78746-3728 |
| Kimberly H. Morgan<br>THE GERGER LAW FIRM, PLLC<br>2211 NORFOLK STR.<br>STE.517<br>HOUSTON, TX 77098-4051 | Margaret Maxwell McClure<br>Attorney at Law<br>25420 Kuykendahl<br>Suite B300-1043<br>The Woodlands, TX 77375-3405 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Atlas Acquisitions LLC<br>294 Union St.<br>Hackensack, NJ 07601 | (d)Atlas Acquisitions LLC<br>492C Cedar Lane, Ste 442<br>Teaneck, NJ 07666 | (d)Atlas Acquisitions LLC<br>492C Cedar Lane, Ste 442<br>Teaneck, NJ 07666 |

| | | |
|---|---|---|
| Chase Bank<br>P.O. Box 183205<br>Columbus, OH 43218 | (d)Chase Bank<br>P.O. Box 6294<br>Carol Stream, IL 60197 | (d)Chase Bank<br>P.O. Box 94014<br>Palatine, IL 60094 |
| Citi Bank<br>4740 121st Street<br>Urbandale, IA 50323 | (d)Citi Bank<br>P.O. Box 6415<br>The Lakes, NV 88901 | Internal Revenue Service<br>Special Procedures Branch, Insolvency II<br>1919 Smith Street, Stop 5025HOU<br>Houston, TX 77002 |
| (d)Internal Revenue Service<br>c/o U.S. Attorney General<br>10th & Constitution, N.W.<br>Washington, DC 20530 | (d)JPMorgan Chase Bank, National Association<br>c/o Chase Records Center<br>Attn: Correspondence Mail<br>Mail Code LA4-5555<br>700 Kansas Lane<br>Monroe, LA 71203 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)A+ Federal Credit Union | (u)Hillcrest Bank, a division of NBH Bank | (u)Regions Bank |
| (u)Keyla Turro | End of Label Matrix<br>Mailable recipients    82<br>Bypassed recipients     4<br>Total                  86 | |